UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ALBERTO ANGULO-HERNANDEZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 10-2141 (JAF)

(Crim. No. 07-063)

## OPINION AND ORDER

Petitioner brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his constitutional rights.  (Docket Nos. 1; 1-1.)[1]  The Government opposes (Docket No. 3), and Petitioner replies (Docket No. 6).

## I.

## Factual and Procedural Summary

We draw the following narrative from the record of Petitioner's criminal case, Crim. No. 07-063, Petitioner's motion, the Government's response, and Petitioner's reply.  (Docket Nos. 1; 3; 6.)  On February 4, 2007, the U.S. Coast Guard encountered the MV Osiris II stranded "approximately 100 miles north of the South American shoreline along the border between Colombia and Venezuela."  United States v. Angulo-Hernandez, 565 F.3d 2, 5 (1st Cir.

---

[1] Unless otherwise indicated, all docket numbers refer to the present case, Civil No. 10-2141.

Civil No. 10-2141 (JAF)                                                                                    -2-

2009).  After obtaining permission from the Bolivian government and the consent from the master of the vessel, Coast Guard officers boarded the Osiris II, with an offer to assist in repairing the engine. (Docket No. 3.)  The boarding team performed an initial safety inspection, and during the subsequent at-sea space accountability assessment they discovered a secret compartment containing cocaine and heroin.  (Docket No. 1-1 at 3.)

Petitioner was indicted on three charges relating to his role in smuggling narcotics aboard the Osiris II in international waters.  Count One charged Petitioner with conspiracy to possess with intent to distribute 462 kilograms of cocaine and 29 kilograms of heroin on board a vessel subject to U.S. jurisdiction, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70503, 70506(b).  (Crim. No. 07-063, Docket No. 66.)  Count Two charged Petitioner with aiding and abetting the commission of Count One. (Id.)  Finally, Count Three charged Petitioner with the possession of a firearm during and in relation to the drug-trafficking crime charged in Counts One and Two.  (Id.)  On May 15, 2007, Petitioner was found guilty of all three counts. (Crim. No. 07-063, Docket No. 160.)  We later dismissed the firearms charge on motion under Fed. R. Crim. P. 29, and sentenced Petitioner to 292 months for Counts One and Two, to be served concurrently. (Crim. No. 07-063, Docket Nos. 214; 221.)

## II.

## Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court.  See 28 U.S.C. § 2255.  A federal prisoner

1    may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of

2    the Constitution or laws of the United States." Id.

3           The petitioner is entitled to an evidentiary hearing unless the "allegations, even if true,

4    do not entitle him to relief, or . . . the movant's allegations need not be accepted as true

5    because they state conclusions instead of facts, contradict the record, or are inherently

6    incredible." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (internal quotation marks

7    omitted) (quoting David v. United States, 134 F.3d 470, 477 (1st Cir. 1998)); see also § 2255(b).

8    In general, a petitioner cannot be granted relief on a claim that was not raised at trial or on direct

9    appeal, unless he can demonstrate both cause and actual prejudice for his procedural default.

10   See United States v. Frady, 456 U.S. 152, 167 (1982). Claims of ineffective assistance of

11   counsel, however, are exceptions to this rule. Massaro v. United States, 538 U.S. 500 (2003)

12   (holding that failure to raise ineffective-assistance-of-counsel claim on direct appeal does not

13   bar subsequent § 2255 review).

14                                                   **III.**

15                                              **Analysis**

16          Because Petitioner appears pro se, we construe his pleadings more favorably than we

17   would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

18   Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural

19   and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

20          Petitioner alleges that his trial counsel was ineffective because he failed to: (1) raise a

21   Fourth Amendment claim regarding the Coast Guard search of the vessel; (2) object to the jury

1   instructions; and (3) challenge the calculation of Petitioner's sentence during Petitioner's

2   sentencing hearing.  We discuss each claim in turn and, for the reasons outlined below, find that

3   Petitioner is not entitled to § 2255 relief.

4          The Sixth Amendment "right to counsel is the right to the effective assistance of

5   counsel."  Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks

6   omitted); see U.S. Const. amend. VI.  To prevail on a claim of ineffective assistance of counsel,

7   Petitioner must show not only a deficient performance by trial counsel, "but also that the

8   deficient performance prejudiced the defense and deprived the defendant of a fair trial."  United

9   States v. Manon, 608 F. 3d 126, 131 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 687).

10         A Petitioner may satisfy the deficient-performance prong by showing that the trial

11  counsel's representation "fell below an objective standard of reasonableness," a standard that

12  is informed by "prevailing professional norms."  Peralta v. United States, 597 F.3d 74, 79 (1st

13  Cir. 2010) (quoting Strickland, 466 U.S. at 688).  Furthermore, Petitioner faces the "strong

14  presumption that counsel's conduct falls within the wide range of reasonable professional

15  assistance."  Strickland, 466 U.S. at 689.  We focus on the "fundamental fairness of the

16  proceeding" when making an ineffectiveness assessment. Id. at 696.  Choices made by counsel

17  that could be considered part of a reasonable trial strategy rarely amount to deficient

18  performance.  Id. at 690.  A decision by counsel not to pursue "futile tactics" cannot be

19  characterized as deficient performance.  Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999).

20         "The prejudice factor requires the defendant to 'show that there is a reasonable

21  probability that, but for counsel' unprofessional errors, the result of the proceeding would have

Civil No. 10-2141 (JAF)                                                                              -5-

1    been different.'" <u>Manon</u>, 608 F. 3d at 131–32.  (quoting <u>Strickland</u>, 466 U.S. at 694).  "A

2    reasonable probability is a probability sufficient to undermine confidence in the outcome."

3    <u>Strickland</u>, 466 U.S. at 694.

4    **A.    <u>Fourth Amendment</u>**

5            Petitioner argues that his counsel's failure to properly object to the Coast Guard search

6    and seizure of the vessel rendered his performance ineffective.  (Docket No. 1-1 at 16.)  We

7    disagree.  The Fourth Amendment does not apply to searches of aliens in international waters.

8    <u>United States v. Bravo</u>, 489 F.3d 1, 8 (1st Cir. 2007) (citing <u>United States v. Verdugo-Urquidez</u>,

9    494 U.S. 259, 267 (1990) ("There is likewise no indication that the Fourth Amendment was

10   understood by contemporaries of the Framers to apply to activities of the United States directed

11   against aliens in foreign territory or in international waters.")).  Petitioner and his codefendants

12   were all aliens.  (Crim. No. 07-063, Docket No. 123 at 8–10.)  Thus, Petitioner could not claim

13   the protections of the Fourth Amendment to suppress evidence of the drugs seized from the

14   vessel intercepted on the high seas.  <u>See</u>  <u>United States v. Vilches-Navarrette</u>, 413 F. Supp. 2d

15   60, 69 (D.P.R. 2006) (explaining that Fourth Amendment protections do not apply to aliens

16   aboard vessel searched by Coast Guard on the high seas) (citing <u>Verdugo-Urquidez</u>, 494 U.S.

17   at 267).  Any challenge to this court's denial of the suppression motion[2] would have proved

---

[2] Petitioner alleges that "his counsel was ineffective for failure to object prior to trial and file a motion for suppression" on Fourth Amendment grounds.  (Docket No. 1-1 at 16.)  However, his trial counsel did join the counsel of Petitioner's co-defendants in submitting a joint motion the day before trial for suppression based on, inter alia, Fourth Amendment grounds.  (<u>See</u> Crim. No. 07-063, Docket No. 123.)

Civil No. 10-2141 (JAF)                                                                    -6-

futile; the failure to further pursue the argument did not prejudice Petitioner.[3]  Counsel's

decision not to raise a meritless claim does not constitute ineffective assistance.  Acha v. United

States, 910 F.2d 28, 32 (1st Cir. 1990).

**B.     Jury Instructions**

Petitioner next claims that the failure of his counsel[4] to properly object to the jury

instructions constituted a violation of his Sixth Amendment right to the effective assistance of

counsel.  (Docket No. 1-1 at 22, 24–26.)  Specifically, Petitioner alleges that his trial counsel

should have objected when this court allegedly "erroneously direct[ed]" the verdict on the issue

of "whether the overt acts alleged in the conspiracy occurred."   Petitioner also alleges that his

trial counsel should have objected when this court gave improper jury instructions as to the

concept of constructive possession.  We disagree.

First, Petitioner alleges that the district court's use of the phrase "the act was done" in

its explanation of the meaning of "to act knowingly" led the jury to believe that Petitioner was

guilty of the allegations in the indictment.  (Id. at 24–26.)  Specifically, Petitioner alleges that

by saying that "the act was done," the "district court erroneous directed [the] verdict."  (Id. at

---

[3] Moreover, we have held, based on the Supreme Court's decision in Stone v. Powell, that a § 2255 Petitioner may not "attack the introduction at trial of unlawfully searched or seized evidence if he had a full and fair opportunity to litigate the alleged Fourth Amendment violation at trial or on direct appeal." Coneo-Guerrero v. United States, 142 F. Supp. 2d 170, 177 (D.P.R. 2001) (citing Stone v. Powell, 428 U.S. 465, 494–95 (1976) ).

[4] Petitioner also argues, albeit in passing and with scant elaboration, that his appellate counsel's failure to object to the jury instructions also constituted ineffective assistance. Claims of ineffective assistance of appellate counsel are also measured under the Strickland standard. Smith v. Robbins, 528 U.S. 259, 285 (2000). Appellate counsel need not "raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits." Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir. 2002). As trial counsel did not object to the jury instructions "during the time frame specified in Fed. R. Crim. P. 30(d)," any appellate review would have been limited to the stringent plain error standard of review. United States v. Moran, 393 F.3d 1, 12 & n.7 (1st Cir. 2004). As explained above, we reject Plaintiff's arguments regarding the propriety of the jury instructions, and his appellate counsel cannot be deemed "objectively unreasonable" in making the strategic choice not to bring such meritless arguments. See Robbins, 528 U.S. at 285 (2000).

1   22.)  This argument falls apart when we examine the phrase in the context of the given jury

2   instructions. The instructions—consistent with the First Circuit's pattern jury instructions—

3   informed the jury that to "act 'knowingly' means that the act was done voluntarily and

4   intentionally and not because of mistake or accident."  <u>Compare</u> (Crim. No. 07-063, Docket

5   No. 148 at 10) <u>with</u> Pattern Criminal Jury Instructions for the District Courts of the First Circuit

6   § 2.13 (1997).[5]  Both the First Circuit and the Supreme Court have reminded the courts that

7   "instructions must be evaluated not in isolation but in the context of the entire charge."  <u>United</u>

8   <u>States v. Garcia-Pastrana</u>, 584 F.3d 351, 381 (1st Cir. 2009) (quoting <u>Jones v. United States</u>, 527

9   U.S. 373, 391 (1999)) (internal quotation marks omitted).

10          We find it implausible that the jury could have, given the context, understood that phrase

11   as a declaratory statement of fact referring to the overt acts at issue.  "Pursuant to

12   well-established precedent, 'we presume juries understand and follow the court's instructions.'"

13   <u>United States v. Jadlowe</u>, 628 F.3d 1, 21–22 (1st Cir. 2010).  <u>United States v. Gentles</u>, 619 F.3d

14   75, 85 (1st Cir. 2010). The failure to raise such a meritless argument certainly does not

15   constitute ineffective assistance of counsel.  <u>See</u> <u>Acha</u>, 910 F.2d at 32 (1st Cir. 1990).

16          Next, Petitioner argues that his counsel should have objected to what he alleges to be an

17   insufficient definition of possession.  Petitioner alleges that the instructions "did not mention

18   the effect of constructive possession on the defendant's knowledge." (Id. at 27.)  However, we

19   reject this argument as our instructions did, in fact, include an explanation of intent followed

_____

[5] We note that the First Circuit pattern jury instructions are, by their own terms, precatory not mandatory.  <u>United States v. Gomez</u>, 255 F.3d 31, 39 (1st Cir. 2001).  However, we point to the shared language as weighing against Petitioner's challenge to the wording of our instructions.

Civil No. 10-2141 (JAF)                                                                              -8-

by a definition of constructive and actual intent— all of which tracked the text of the First

Circuit's pattern jury instructions.[6]  See Crim. No. 07-063, Docket No. 148 at 12–13.

Petitioner also accuses this court of telling the jury that they "didn't really need proof that

the Petitioner was guilty of conspiracy" in order to reach a guilty verdict on the aiding and

abetting count.[7]  Petitioner has grossly misconstrued the language of the instructions, which

explained—once again consistent with the First Circuit pattern jury instructions—that a

defendant "need not perform the underlying criminal act, be present when it is performed, or

be aware of the details of its execution to be guilty of aiding and abetting."  Compare Crim.

No. 07-063, Docket No. 148 at 10–11 with Pattern Criminal Jury Instructions for the District

Courts of the First Circuit § 4.02 (1997).  Counsel did not deliver inadequate performance in

failing to raise such meritless objections.

**C.     Failure to Challenge Calculation of Sentence**

Petitioner briefly alleges that his trial counsel was ineffective for failure to object to the

calculation of his sentence, arguing that "had his counsel properly objected and made the

appropriate motion, he would have been acquitted of the charges against him." (Docket No. 1-1

---

[6] Our instructions explained that "[a] person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession." Compare Crim. No. 07-063, Docket No. 148 at 12–13 with Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 4.21.841(a)(1)(A) (2010).  Furthermore, the Fifth Circuit opinion cited by the Plaintiff in support of his constructive possession argument proves inapposite since it dealt with the trial court's refusal to give a requested jury instruction.  See United States v. Pennington, 20 F.3d 593, 600 (5th Cir. 1994).

[7] In his sprawling memorandum of over forty pages, Petitioner also seems to briefly argue that this court failed to instruct the jury as to "mere presence."  Claims raised in a perfunctory manner without elaboration are deemed waived.  See Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001) (ineffective assistance claim raised in a perfunctory manner in § 2255 proceeding deemed waived).  Even if it were not waived, however, the jury instructions did, in fact, explain that "[m]ere presence at the scene of a crime is not alone enough, but you may consider it among other factors." (Crim. No. 07-063, Docket No. 148.)

Civil No. 10-2141 (JAF)                                                              -9-

at 40.)  Offering neither elaboration on this brief argument nor suggestions as to how such an

unspecified motion could have resulted in acquittal, we reject Petitioner's vague argument as

meritless.

       Trial counsel did, in fact, file a motion objecting to the pre-sentence report in addition

to a Rule 29 motion for acquittal.  (Crim. No. 07-063; Docket Nos. 162; 186.)  We note that

insofar as Petitioner challenges his sentence apart from his ineffective assistance claim, it must

also fail since the First Circuit has already heard and rejected this argument on direct appeal.

United States v. Michaud, 901 F. 2d 5, 6 (1st Cir. 1990) (citing Tracey v. United States, 739

F.2d 679, 682 (1st Cir. 1984) (explaining that claims decided on direct appeal "may not be

relitigated under a different label on collateral review").  In considering Petitioner's challenge

to his sentence, the First Circuit found "no error here, let alone plain error." Angulo-Hernandez,

565 F.3d at 13.  Petitioner's trial counsel had "no obligation to raise meritless claims."  Acha,

910 F.2d at 32.  Petitioner has shown neither inadequate performance by counsel nor resulting

prejudice.

## IV.

## Certificate of Appealability

       In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we

deny § 2255 relief we must concurrently determine whether to issue a certificate of appealability

("COA").  We grant a COA only upon "a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims

Civil No. 10-2141 (JAF)                                                                  -10-

1    debatable or wrong."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v.

2    McDaniel, 529 U.S. 473, 484 (2000)).  We see no way in which a reasonable jurist could find

3    our assessment of Petitioner's constitutional claims debatable or wrong.  Petitioner may request

4    a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

5                                                         **V.**

6                                                   **Conclusion**

7              For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket Nos. 1;

8    6).  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is

9    in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief

10   in this court.

11          **IT IS SO ORDERED.**

12          San Juan, Puerto Rico, this 16th day of June, 2011.

13                                                   s/José Antonio Fusté
14                                                   JOSE ANTONIO FUSTE
15                                                   United States District Judge